GAUBERT OIL COMPANY, INC.

VERSUS

BAYOU FUEL MARINE AND HARDWARE
SUPPLIES, INC., ET AL

NO. 19-CA-252

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 759-820, DIVISION "N"
HONORABLE STEPHEN D. ENRIGHT, JR., JUDGE PRESIDING

October 23, 2019

**JOHN J. MOLAISON, JR.**
**JUDGE**

Panel composed of Judges Marc E. Johnson,
Stephen J. Windhorst, and John J. Molaison, Jr.

**AFFIRMED**
 **JJM**
 **MEJ**
 **SJW**

COUNSEL FOR PLAINTIFF/APPELLANT,
GAUBERT OIL COMPANY, INC.
    Daniel A. Ranson
    Ryan C. Higgins

COUNSEL FOR DEFENDANT/APPELLEE,
JLH ENTERPRISES, L.L.C., JEAN LAFITTE HARBOR, L.L.C., JEAN
LAFITTE MARINE, L.L.C. AND MARIA COUEVAS
    James L. Donovan, Jr.

**MOLAISON, J.**

This is an appeal from the grant of a partial summary judgment in favor of several defendants in a revocatory action. The revocatory action is one of several claims asserted in a petition filed by Gaubert Oil Company Inc. (Gaubert) against numerous defendants as a result of a default on a promissory note. Gaubert asserts that property securing the promissory note was sold to a third party, increasing or causing the insolvency of the debtor. For the following reasons, we affirm the judgment.

**PROCEDURAL HISTORY**

On April 12, 2016, Gaubert filed a petition naming Bayou Fuel Marine and Hardware Supplies Inc. (Bayou Fuel), C&M Contractors, Inc. (C&M), Lafitte Real Estate, LLC (Lafitte Real Estate), Gulf Coast Bank and Trust Company (Gulf Coast), New Orleans Regional Business Development Loan Corporation (RLC), Jean Lafitte Harbor, LLC, Jean Lafitte Marine, LLC, JLH Enterprises, LLC, (JLH), Jacquelyn Daigle, Chad Daigle, and Jared Daigle as solidary defendants. JLH is the buyer of immovable and movable property that comprised a marina owned by Bayou Fuel, C&M and Lafitte Real Estate. Gulf Coast and RLC (collectively known as "the lenders") are lenders and hold mortgages and other security interests in the immovable and movable property as a result of the sale. Gaubert asserts an interest in certain property sold pursuant to a promissory note executed by Bayou Fuel.

The petition states a claim for indebtedness on the promissory note made by Bayou Fuel, a revocatory action, enforcement of a security interest and purchaser liability. The petition claims that on March 3, 2016, Bayou Fuel, C&M and Lafitte Real Estate sold movable and immovable property to JLH, adversely affecting a security interest in the property held by Gaubert. The petition prays for a judgment against all defendants, who Gaubert asserts are solidary obligors, that includes the

annulment of the sale and transfer of any property, the liquidation of the property and the annulment of any and all security interests held by the lenders resulting from the sale.

Gaubert filed a motion for summary judgment against defendants Bayou Fuel, Jacquelyn Daigle, Jared Daigle and Chad Daigle (the Daigles) in the suit on the promissory note. On December 17, 2017, the trial court granted the summary judgment and reduced the debt to a money judgment. In that judgment, the trial court found that Bayou Fuel and the Daigles defaulted on a promissory note and were solidarily liable for payment to Gaubert in the amount of $609,726.35 plus interest and attorney fees. That judgment was appealed to this Court.

However, before the appeal was considered, the parties entered into a partial dation en paiement[1] on September 28, 2018. In the dation, the Daigles and Bayou Fuel acknowledged the total indebtedness of $1,020,120.33 and gave several pieces of immovable property with a combined total value of $728,800 to Gaubert to partially satisfy the money judgment. The dation also established a deficiency on the money judgment of $291,320.73. After the dation, the parties filed a joint motion to dismiss that appeal. This Court granted the motion dismissing the appeal on October 8, 2018. *Gaubert Oil Company, Inc., v. Bayou Marine and Hardware Supplies, Inc.,* 18-225 (La. App. 5th Cir. 10/8/18).

In a related appeal before this Court, Gulf Coast and RLC filed a motion for summary judgment, primarily arguing that a revocatory action cannot cancel a lender's mortgage. The trial court granted the summary judgment finding that a revocatory action only lies to revoke contracts between third parties and the obligor. The trial court also found that at the time of the sale, Lafitte Real Estate

---

[1] Dation en paiement, or giving in payment, is a contract whereby an obligor gives a thing to the obligee, who accepts it in payment of a debt. La. C.C. art. 2655.

and C&M, two of the sellers, were not Gaubert's obligors. Bayou Fuel was the only obligor.

Gaubert filed a motion for new trial which the trial court granted in part to clarify the original judgment. The trial court found that there is no genuine issue of material fact, and the lenders are entitled to judgment as a matter of law in the revocatory action with regard to Gaubert's request to directly annul the lenders' mortgages and security interests, and dismissed those claims with prejudice. The judgment further clarified that the court rejected Gaubert's assertion that the lenders' mortgages may be invalid based on a theory that Bayou Fuel, C&M and Lafitte Real Estate operated as a single business enterprise. However, the judgment makes it clear that nothing in the original judgment affects Gaubert's claim that Bayou Fuel, C&M, and Lafitte Real Estate operated as a single business enterprise and that each is a solidary obligor on the promissory note, and that nothing in the original judgment is meant to affect the ranking of any security interest. Gaubert appealed the original judgment. That matter is on appeal to this Court in a companion case, *Gaubert Oil Company , Inc. v. Bayou Fuel Marine and Hardware Supplies, Inc.,* 19-120 (La. App. 5th Cir.), ____So.3d ____.

In this appeal, defendants, JLH (the buyer), LLC, Jean Lafitte Harbor, LLC and Jean Lafitte Marine, LLC, filed a motion for summary judgment in the main claim in the revocatory action. The trial court granted that motion and dismissed Gaubert's revocatory action against JLH, noting that the other two defendants were previously dismissed with prejudice from this case by a judgment dated November 27, 2018, and that a partial dation en paiement of property in the equivalent value of $728,800 established that Gaubert was not prejudiced as a result of the March 3, 2016 sale of assets to JHL. Gaubert appeals.

**FACTS**

Bayou Fuel, C&M and Lafitte Real Estate are businesses started by Kenneth Daigle and Al Gross in the 1970's in Lafitte, Louisiana. Bayou Fuel operated as a marina and supply business selling fuel, groceries, marine and hardware suppliesand C&M provided crane and dock services for the oil field industry with equipment to load and unload barges. C&M also rented boats and cabins, and operated a trailer park. Lafitte Real Estate owned the properties and leased the space to the other two entities.

In 2006 Kenneth Daigle's sons, Chad and Jared purchased Mr. Gross' 50% shares in the businesses for $2.6 million through financing and a mortgage with Whitney Bank. That mortgage was subsequently assigned to NCC Financial, LLC (NCC). After that transaction, all three businesses were owned by Jacquelyn Daigle (Nicholas Daigle's wife) (50%), Chad Daigle (26%) and Jared Daigle (24%) respectively.

Gaubert, a supplier of commercial fuel including gasoline and diesel fuel, sold fuel to C&M and Bayou Fuel on an open account for many years and the parties agreed that a good business relationship existed among them. In 2014, when the amount unpaid on the open accounts grew to $879,670.14, Gaubert put deliveries on a COD basis. Shortly thereafter, Gaubert and Bayou Fuel agreed to convert the accounts payable to a promissory note in favor of Gaubert. Gaubert agreed to waive the finance charges on the amount due and Bayou Fuel executed a promissory note to Gaubert in the amount of $774,670.14. In conjunction with the promissory note, the parties also executed a commercial security agreement encumbering the equipment, inventory, accounts receivables, and proceeds from the sale of any of the assets of Bayou Fuel. Bayou Fuel made monthly payments on the note until October of 2015, reducing the principle to $609,726.35.

Due to financial constraints, the Daigles decided to sell the businesses in 2015. Their real estate agent secured an interested buyer, Nicholas Dinet, who agreed to purchase the real property and all equipment and inventory for $3.1 million. However, Mr. Dinet was unable to secure financing to complete the transaction. Further negotiations involved Maria Couevas, who was only able to secure financing in the amount of $1.8 million through a combination of loans including one by Gulf Coast and two by RLC. RLC is a community development entity which provides financing for commercial projects that banks cannot.

An agreement to purchase the property for $1.8 million was executed and the transaction was completed on March 3, 2016 by two acts of sale. In one, Lafitte Real Estate sold the immovable property located at 4932 Kenal Drive for $1.8 million to JLH, which was represented by Maria Couevas. In the second, Lafitte Real Estate, C&M and Bayou Fuel sold all movables and assets of all three businesses for $1.8 million.[2] Primary financing for the purchase was obtained by an $840,000 loan from Gulf Coast and two $300,000 loans from RLC. An amendment to the purchase agreement shows an agreement between the Daigles and Ms. Couevas whereby the sellers would finance $600,000 of the purchase in the form of a mortgage on real property located at 3894 Jean Lafitte Road in Lafitte, Louisiana.[3] Additionally, Gulf Coast extended a $100,000 line of credit to Jean Lafitte Harbor, LLC, a company related to JLH.

At the time of the sale, Jefferson Parish records showed a mortgage on the property in favor of Whitney Bank in the amount of $4,080,000. The mortgage, which had been assigned to NCC, had a balance due of $1,926,269.77. Because Gulf Coast and RLC could not obtain first and second mortgages on the property until the Whitney/NCC mortgage was paid in full and cancelled, the Whitney/NCC

---

[2] This second act of sale makes it clear that the sale price included the immovable property.
[3] It appears that the $600,000 promissory note in favor of the seller was never secured by a mortgage.

debt was paid at the time of the act of sale. The settlement statement shows disbursement of the funds for this purpose.

Gaubert instituted this litigation primarily to collect on the promissory note and to revoke the sale of the immovable property and other assets of the three companies. In the course of the litigation, Gaubert secured a judgment against Bayou Fuel and the Daigles on the promissory note in the amount of $609,726.35 plus interest and attorney fees. As noted above, the parties reached an agreement to settle that portion of the litigation by a partial dation en paiement by transferring certain immovable property owned by the Daigles in partial payment. $291,320.73 remains as a deficiency after the partial dation en paiement.

This protracted litigation continued and brings two summary judgments in two separate appeals before this Court. On review in this appeal is the trial court's grant of a partial summary judgment filed by JLH, Jean Lafitte Harbor, LLC, and Jean Lafitte Marine, LLC, which dismissed the main claim in the revocatory action based on a finding that Gaubert was no longer prejudiced or damaged as a result of the sale after the dation en paiement.

**ASSIGNMENT OF ERROR**

In its single assignment of error, Gaubert argues the trial court erred by dismissing its revocatory action against the buyer based on a finding that Gaubert could not show that it was prejudiced by the sale. Gaubert maintains that it was prejudiced and is damaged as a result of the sale because it is still owed money on the debt as evidenced by the deficiency that exists after the dation. Gaubert reasons that, since its creditor (Bayou Fuel) was cast in judgment on the promissory note for a total amount exceeding $1 million, and Gaubert only received a partial payment of $728,800, the deficiency of $291,320.73 is sufficient to show prejudice.

Gaubert argues in the alternative, that if the trial court granted summary judgment based on the amount due on the open account, the amount of the debt is $879,670.14. That was the amount due before the parties agreed to reduce the debt by excluding the late charges and executing a promissory note. Gaubert contends that, since it only received property valued at $728,800, there is a deficiency of over $150,000 on the open account. Either way, Gaubert contends a deficiency is sufficient to defeat the motion for summary judgment.

**LAW AND ANALYSIS**

Appellate courts review the granting of summary judgment *de novo* using the same criteria governing the trial court's consideration of whether summary judgment is appropriate. *Gutierrez v. State Farm Fire & Cas. Ins. Co.*, 13-341 (La. App. 5 Cir. 10/30/13), 128 So.3d 509, 511. A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact, and is favored and designed to secure the just, speedy, and inexpensive determination of every action. *Village Shopping Ctr. P'ship v. Kimble Dev., LLC*, 18-740 (La. App. 5 Cir. 4/24/19), 271 So.3d 376, 380. La. C.C.P. art. 966A.(3) provides that, "[a]fter an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law."

La. C.C.P. art 966 D. (1) provides that the burden of proof rests with the mover, unless the mover does not bear the burden of proof at trial on the issue that is before the court. In that case, "the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the

existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id.*

A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. *Hines v. Garrett,* 2004-0806 (La. 6/25/04), 876 So.2d 764, 765-66. A genuine issue is one as to which reasonable persons could disagree. If reasonable persons could only reach one conclusion, there is no need for trial on that issue and summary judgment is appropriate. *Id.* Any decision as to the propriety of a grant of the motion must be made with reference to the substantive law applicable to the case. Only in the context of the applicable substantive law can issues of material fact be ascertained. *Johnson v. Folse*, 07-1031 (La. App. 5 Cir. 5/27/08), 986 So.2d 110, 114, *writ denied,* 2008-1377 (La. 9/26/08), 992 So.2d 991.

The summary judgment on appeal dismissed the revocatory action with prejudice against defendants, Jean Lafitte Harbor, LLC and Jean Lafitte Marine, LLC and JLH. Jean Lafitte Harbor, LLC and Jean Lafitte Marine, LLC were dismissed prior to this ruling based upon a finding that neither was a party to the sale.[4] In the reasons for judgment, the trial court stated that the grant of summary judgment was based on the finding that the partial dation en paiement of property in the equivalent value of the sum of $728,800 establishes that Gaubert could not show prejudice as a result of the March 3, 2016 sale of assets to JLH.

The revocatory action derives from La. C.C. art. 2036, which provides that "(a)n obligee has a right to annul an act of the obligor, or the result of a failure to act of the obligor, made or effected after the right of the obligee arose, that causes or increases the obligor's insolvency." In order for an obligee to annul an act of the obligor, he must show; (1) an act (or failure to act) of the obligor that causes or

---

[4] These parties, which were not parties to the sale, were dismissed in a November 27, 2018 judgment of the trial court. Gaubert confines its arguments to the dismissal of JLH.

increases the obligor's insolvency, and; (2) the act must occur after the obligee's rights arose. *Long Duc Bui v. Mughal*, 52,514 (La. App. 2 Cir. 2/27/19), 266 So.3d 494, 498. Additionally, the jurisprudence requires that the obligee must prove prejudice, injury or damage to the obligee as a result of the act. *Dortch v. Rollins*, 50,170 (La. App. 2 Cir. 12/9/15), 181 So.3d 911, 917. The test for determining prejudice or injury is factual, based on the value of the property and the ranking of the indebtedness. *Id.*

Included in the petition that instituted this revocatory action is a claim for indebtedness on the promissory note that is used as a basis for the revocatory action. In the claim for indebtedness, Gaubert alleged that it was the holder of a note in the amount of $774,670.14 with an interest rate of 6% per annum from December 18 2014. The petition also alleged that as of October 1, 2015, the unpaid principal balance on the note is $609,726.35, and prayed for a money judgment against all defendants *in solido* for the full amount of the note plus interest and attorneys' fees based on the default of the note. The petition is clear that the debt used by Gaubert to support the revocatory action is based on the promissory note. This is consistent with the figure used in the trial court's reasons for judgment. We find there is no material issue of fact relating to the question of which debt is applicable to the revocatory action. Reasonable persons can only reach one conclusion; that the suit was filed and the summary judgment was decided on the debt due on the promissory note, not on the open account balance.

The relevant undisputed facts in this case are that Bayou Fuel is the obligor on a promissory note in favor of Gaubert that was secured by assets owned by Bayou Fuel. At the time of the sale, on March 3, 2016, the balance due on the promissory note was $609,726.35, and Bayou Fuel was several months in arrears on the payments. Bayou Fuel's assets consisted only of movables. Bayou Fuel had no interest in the immovable property sold, and was not a party to the act of

sale transferring immovable property from Lafitte Real Estate to JLH. Bayou Fuel was a party to an act of sale transferring movables from Bayou Fuel, C&M and Lafitte Real Estate to JLH. The total amount paid for the two sales was $1.8 million. At the time of the sale, Gaubert's only obligor was Bayou Fuel.[5] After the sale, Gaubert filed suit on the note and got a money judgment against Bayou Fuel and the Daigles as a result. Subsequently, Bayou Fuel, the Daigles and Gaubert entered into a partial dation en paiement in which Bayou Fuel and the Daigles transferred several parcels of immovable property valued at a total of $728,800 to Gaubert, leaving a deficiency of $291,320.73.

Gaubert's position that it can show prejudice by the deficiency in the money judgment would make the money judgment on the promissory note, rather than the actual note, as the obligation used to support the action to revoke the sale. Since the money judgment came after the sale, it cannot support the revocatory action. The revocatory action requires that the obligee's rights arise before the sale. A debt supporting a revocatory action must be anterior. It can't arise after the sale. La. C.C. art. 2036.

While the obligation on the promissory note existed before the sale, the obligation on the money judgment that resulted from the suit on that promissory note did not. The money judgment was rendered on December 21, 2017, almost two years after the sale. It cast Bayou Fuel and the Daigles in judgment for the principal sum of $609,726.35 with 6% interest until October 31, 2015, and 18% per annum from November 1, 2015 until paid in full. The judgment also awarded attorney's fees amounting to 25% of the principal and interest due on the note.

---

[5] Gaubert argues that Bayou Fuel, C&M and Lafitte Real Estate were operated as a single business enterprise and should be held solidarily liable. This argument was fully discussed and rejected in our opinion in the companion case. *Gaubert Oil Company , Inc. v. Bayou Fuel Marine and Hardware Supplies, Inc.,* 19-120 (La. App. 5th Cir.)----So. 3d----.

By the time the dation en paiement was executed on September 18, 2018, over two years after the sale, interest and attorney fees on the money judgment increased the debt to over $1 million dollars. We find the deficiency in the dation cannot be considered a debt to support the revocatory action. We find support for this position in the fact that at the time of the sale only Bayou Fuel, not the Daigles, was a obligor of Gaubert. The Daigles only became obligors when the money judgment was rendered subsequent to the sale. The only obligation that existed at the time Gaubert filed this revocatory action was Bayou Fuel's obligation for the principal and interest due on the note as of the March 3, 2016 sale. Since that sale, Gaubert has received $728,800 in property. Thus, we agree with the trial court that Gaubert will be unable to show that it was prejudiced by the sale.

We also note that, to be successful in this revocatory action, Gaubert has the burden to prove that the sale of assets caused or increased Bayou Fuel's insolvency. Proof that the transfer of assets caused or increased the insolvency of the creditor is an essential element in a revocatory action. La. C.C. art. 2036. For reasons more fully discussed in our opinion in the companion matter[6], we find that Gaubert cannot meet this burden. Before the sale, Bayou Fuel's assets were encumbered by a nearly $2 million mortgage that was paid for with the proceeds from the sale. Additionally, Bayou Fuel is one of the holders of the $600,000 promissory note from JLH as part of the financing for the purchase. Thus, Bayou Fuel was in a better financial position after the sale.

For these reasons, we find the trial court's grant of the summary judgment on the main claim in this revocatory action is correct and we affirm that judgment.

**AFFIRMED**

---

[6] *Gaubert Oil Company , Inc. v. Bayou Fuel Marine and Hardware Supplies, Inc.* 19-120 (La. App. 5th Cir.), ____So.3d____.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

MARY E. LEGNON
INTERIM CLERK OF COURT

CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **OCTOBER 23, 2019** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**MARY E. LEGNON**
INTERIM CLERK OF COURT

**19-CA-252**

### E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN D. ENRIGHT, JR. (DISTRICT JUDGE)
RYAN C. HIGGINS (APPELLANT)          DANIEL A. RANSON (APPELLANT)          GUS A. FRITCHIE, III (APPELLEE)
JAMES L. DONOVAN, JR. (APPELLEE)     JOEL A. LEVY (APPELLEE)

### MAILED

ROBERT S. REICH (APPELLEE)          WAYNE A. MAIORANA, JR. (APPELLEE)
ATTORNEY AT LAW                     ATTORNEY AT LAW
3850 N. CAUSEWAY BOULEVARD          433 METAIRIE ROAD
SUITE 1000                          SUITE 600
METAIRIE, LA 70002                  METAIRIE, LA 70005